NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JESUS ANTONIO RAMIREZ-NUNEZ, AKA Antonio Ramirez, AKA Jesus Antonio Ramirez, Defendant-Appellant. | No.  18-50060 D.C. No. 5:15-cr-00018-JGB-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted March 5, 2019
Pasadena, California

Before:  COLE, Chief Judge,[**] and FISHER and NGUYEN, Circuit Judges.

Jesus Ramirez-Nunez appeals his conviction and sentence for illegal reentry

in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Ransey Guy Cole, Jr., Chief Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

we affirm in part, vacate in part and remand.

1. The district court properly denied Ramirez-Nunez's motion to dismiss the indictment as untimely. The statute of limitations begins to run when an offense is completed, and an offense under the "found in" prong of § 1326 is completed when the government knows of both a person's *presence* in the country and his *status* – the fact that his presence is illegal. *See United States v. Zamudio*, 787 F.3d 961, 966-67 (9th Cir. 2015). We have not yet decided "whether such discovery and identification must be based on the government's actual knowledge or can instead be proven under a constructive knowledge theory." *Id.* at 966. We need not decide that question here.

Under either standard, the statute of limitations did not begin to run when Ramirez-Nunez crossed the border. Ramirez-Nunez does not argue the government was actually aware of his status at that time. Although he contends the government had constructive knowledge because border patrol was not reasonably diligent when it questioned him upon entry, a failure to exercise diligence by itself does not establish constructive knowledge, and Ramirez-Nunez's contentions that further questioning could have led to discovery of his status are speculative. *See United States v. Zavala-Mendez*, 411 F.3d 1116, 1120 n.20 (9th Cir. 2005). Ramirez-Nunez never argued that he would have responded truthfully to questions about his status, and the record does not say what further questions a reasonable

2

officer might have asked that would have revealed his status.

Because we reject Ramirez-Nunez's argument on this ground, any evidentiary errors supporting the district court's decision were harmless. *See* Fed. R. Crim. P. 52(a).

2. The government concedes that three of Ramirez-Nunez's supervised-release conditions – conditions 5, 6 and 14 – are unconstitutionally vague under *United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018). We vacate these conditions and remand for the district court to modify them in light of *Evans*.

3. The government concedes that the district court's reference to 8 U.S.C. § 1326(b)(2) in the judgment is inconsistent with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1061-62 (9th Cir. 2000). We vacate the judgment and remand for the district court to enter a corrected judgment striking this reference.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**